IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEVON FRYE,

    Plaintiff,

v.                                                                          Civil Action No. 3:24cv641

JASON WILSON, *et al.,*

    Defendants.

## MEMORANDUM OPINION

Devon Frye, an individual civilly committed in the Virginia Center for Behavioral Rehabilitation ("VCBR") who is proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983.[1]  The matter is now before the Court on a "Motion to Reopen Judgement Request to File Amicus Curiae Brief" filed by VCBR resident Gregory Richardson ("Richardson").  ("Motion," ECF No. 18.)  Defendants Jason Wilson, Nathan Moore, and Sanita Rhodes ("Defendants") have filed an Opposition to the Motion. (ECF No. 19.)  For the reasons explained below, the Motion will be DENIED.

On February 3, 2026, the Court granted Defendants' Motion to Dismiss and dismissed this action, finding that the Complaint had failed to state a claim.  (ECF Nos. 15, 16.)  Frye did

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

not appeal. On May 11, 2026, the Court received the Motion (*see* ECF No. 18), in which Richardson requests permission to file an amicus curiae brief, asserting that "[t]his is a crucial case [a]ffecting all detainees and a public interest" and that provision of an amicus brief would "assist the Court as well as prevent manifest injustice." (ECF No. 18, at 2–3.) On May 14, 2026, Defendants filed their Opposition, arguing that Richardson's Motion is untimely and that Richardson, in any event, "has no standing." (ECF No. 19, at 2.)

A federal district court has "broad discretion in deciding whether to allow a non-party to participate as an *amicus curiae*." *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). Courts have allowed briefs by *amici curiae* when: (1) the briefs "provide helpful analysis of the law"; (2) the amici "have a special interest in the subject matter of the suit"; or, (3) "existing counsel is in need of assistance." *Id.* (quoting *Bryant v. Better Business Bureau*, 923 F. Supp. 720, 727 (D. Md. 1996) (internal quotation marks omitted)). A court should only grant leave to file an amicus curiae brief if the court "deems the proffered information timely and useful." *Id.* (internal citations and quotation marks omitted).

Here, the Motion is untimely and does not convince the Court that an *amicus curiae* brief would be useful. As to timeliness, Federal Rule of Appellate Procedure 29[2] provides that an amicus brief, "accompanied by a motion for filing when necessary," must be filed "no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. Proc. 29(a)(6). Here, Richardson ostensibly supports Frye, and his Motion was therefore due by May 29, 2025, seven days after Frye opposed Defendants' Motion to Dismiss. (*See* ECF No. 14.) But

---

[2] "There is no Federal Rule of Civil Procedure that applies to motions for leave to appear as amicus curiae in a federal district court. District courts therefore have discretion whether to grant or deny such leave and often look for guidance to Rule 29 of the Federal Rules of Appellate Procedure, which applies to amicus briefs at the federal appeals level." *Am. Humanist Ass'n v. Maryland-Nat'l Cap. Park & Plan. Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014).

Richardson filed his Motion on May 11, 2026, almost a full year after that date and several months after this Court had already dismissed this action with prejudice. The Motion is therefore untimely.

In part due to its untimeliness, the Motion is also not useful, as it cannot "assist the Court in resolving the underlying action or the already-adjudicated motion to dismiss." *Church of Celestial Heart v. Garland*, No. 1:23-cv-00545-SAB, 2024 WL 3569219, at *2 (E.D. Cal. July 29, 2024). But even if the Motion had been timely, the legal issues identified and discussed in the Complaint, Motion to Dismiss, and this Court's May 3 Memorandum Opinion and Order are not complex, and Richardson has not convinced the Court that he would have provided "helpful analysis of the law." *Tafas*, 511 F. Supp. 2d at 659 (quoting *Bryant*, 923 F. Supp. at 727).

For the foregoing reasons, the Motion (ECF No. 18) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6/3/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge

3